# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANNA CULLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-cv-6393 |
| | ) |
| PREMIER BATHS, INC., | ) Judge Robert M. Dow, Jr. |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anna Cullen filed a state-law personal injury complaint against Defendant Premier Baths, Inc., which was removed to federal court based on diversity jurisdiction. Before the Court is Defendant's motion [12] to dismiss Count IV pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion [12] is granted.

**I.  Background**[1]

On August 15, 2011, Cullen, a resident of Oregon, Illinois, filed a four-count complaint in the Circuit Court of Cook County for negligence, strict product liability, breach of express warranty, and breach of implied warranty. [3-1.] The complaint alleged that, in August 2010, Cullen purchased a walk-in tub from Premier, a Florida corporation with its principal place of business in that state; the complaint also purported to attach a copy of the sales agreement. [3-1 at ¶¶ 4-6.] Shortly thereafter, on September 4, Cullen allegedly fell while filling the tub with water and became wedged in the front of the tub. [3-1 at ¶ 7.] Cullen pulled on the chain attached to the stopper, but the chain broke, leaving the tub filled with water. [3-1 at ¶ 8.]

---

[1]  On a motion to dismiss, the Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn from them. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

Cullen was stuck in the tub for more than 30 hours; her inability to drain the water resulted in significant injuries. [3-1 at ¶ 10.]

On September 13, 2011, Premier removed the case to federal court based on diversity jurisdiction. [3.] Premier answered Counts I-III of the complaint [11] and contemporaneously filed a motion to dismiss Count IV (breach of implied warranty) [12].

The motion to dismiss attaches a one-page "contract agreement" signed by Cullen.[2] [12-2.] In the middle of the page, in large, bold, capital letters, it says, "I have read, understood and agree with the conditions overleaf before having signed this agreement." [12-2 at 1.] Underneath this language is a signature block, which Cullen signed and dated. [12-2 at 1.] At the bottom of the page is another signature block for acceptance of the contract; Cullen also signed and dated it here. [12-2 at 1.] In the two-page "conditions overleaf," the only paragraph in all capital letters says, "The express warranties, if any, contained herein are in lieu of all other warranties, either expressed or implied, including without limitation any implied warranty of merchantability or fitness for a particular purpose, and of any other obligation on the part of the manufacturer." [12-2 at 3.]

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given " 'fair notice of what the * * *

---

[2] The parties agree that the Court may consider the contract without converting the motion to dismiss to a motion for summary judgment because it was referenced in the complaint and is central to Cullen's claims. See *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009).

claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the " 'speculative level.' " *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555, 569 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

**III. Analysis**

In Count IV, Cullen alleges that Premier breached the implied warranties of merchantability and fitness for particular purpose. See 810 ILCS 5/2-314, 5/2-315. Premier, on the other hand, argues that it disclaimed these implied warranties in the contract. Under Illinois law, contracts for the sale of goods are governed by the UCC. See *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 195 (Ill. 2002). The UCC permits the exclusion of implied warranties if the disclaimer is "conspicuous." See 810 ILCS 5/2-316(2). The UCC defines "conspicuous" as "so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." *Id.* 5/1-201(b)(10). Illinois courts have found that where, as here, a disclaimer is not located on the first page of the document, the disclaimer is still effective if the first page reference to the disclaimer is conspicuous. See *Great W. Cas. Co. v. Volvo Trucks N. Am., Inc.*, No. 08-CV-2872, 2009 WL 588432, at *4 (N.D. Ill. Feb. 13, 2009) (collecting cases). This legal issue, see 810 ILCS 5/1-201(b)(10), is the only matter currently in dispute.[3]

---

[3] Cullen's half-hearted attempt to argue, in the alternative, that the disclaimer is unconscionable [see 16 at 7-9] is unpersuasive because the complaint contains insufficient factual support for this theory under *Twombly*. In her brief, Cullen asserts that the disclaimer is unconscionable because she is "an aged and

In *Great West Casualty*, the court dismissed plaintiff's claim for breach of implied warranty where the front of the warranty said, "See reverse side for important limitations and exclusions," which was set off by a box at the top of the page and was in larger print than the surrounding text. 2009 WL 588432, at *4. Similarly, here, in large, bold, capital letters that contrast with the surrounding text, the contract says, "I have read, understood and agree with the conditions overleaf before having signed this agreement." By contrast, in the case upon which Cullen relies, *Anderson v. Farmers Hybrid Cos.*, 408 N.E.2d 1194, 1200 (Ill. App. Ct. 1980), the reference was set out in small print on an order confirmation slip.

Cullen attempts to distinguish *Great West Casualty* because the reference here was located "in the middle of a very full page of text" and did not highlight the fact that the "conditions overleaf" contained disclaimers. [See 16 at 5-6.] This argument fails for two reasons. First, any slight deficiency in conspicuousness because of the location and wording was more than overcome by the fact that the reference was immediately followed by a signature block where Cullen signed and dated, expressly acknowledging that she had read, understood, and agreed with the conditions. See, *e.g.*, *Tague v. Autobarn Motors, Ltd.*, 914 N.E.2d 710, 718 (Ill. App. Ct. 2009) (upholding disclaimer where it appeared directly above plaintiff's signature). Importantly, Cullen also signed at the bottom of the page to accept the contract itself.

Second, "the question * * * is not whether the disclaimer at issue could have been made more conspicuous but, rather, whether the disclaimer at issue was presented in a manner

---

trusting individual" who "did not have equal bargaining power" [see 16 at 9], but these facts have not been pleaded. Nor has Cullen demonstrated that such facts, even if pleaded, would entitle her to relief. *Cf. Ahern v. Knecht*, 563 N.E.2d 787, 793 (Ill. App. Ct. 1990) (finding unconscionability where defendant's service charges were substantial, defendant said the services were all necessary, and defendant insisted on immediate payment suggesting urgency). Indeed, the contract gave Cullen three businesses days after signing to cancel, negating any argument that she had no "meaningful choice." See *id.*

4

reasonably sufficient to draw attention to it." *Westfield Ins. Co. v. Birkey's Farm Store, Inc.*, 924 N.E.2d 1231, 1245 (Ill. App. Ct. 2010). Undoubtedly, Premier could have made the reference more conspicuous, for example, by stating that the "conditions overleaf" contained "important limitations and exclusions" or by further limiting the surrounding text. But even as it stood, particularly considering the location of the signature block, the reference was "conspicuous" within the meaning of the UCC and the pertinent Illinois case law.

**IV.    Conclusion**

For these reasons, Defendant's motion to dismiss Count IV [12] is granted.

Dated:  August 22, 2012                              _____
                                                    Robert M. Dow, Jr.
                                                    United States District Judge